**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

Tais Nara DE OLIVEIRA FRANCA QUINUPE
A#220-224-234
Ayla Liz QUINUPE FRANCA
A#220-224-235

Petitioners,

v.

PATRICIA HYDE, Field Office Director,
TODD LYONS, Acting Director U.S.
Immigrations and Customs Enforcement,
and KRISTI NOEM, U.S. Secretary
of Homeland Security,
PAMELA BONDI, U.S. Attorney General;
Executive Office of Immigration Review;

Respondents.

Case No.

PLAINTIFF'S ORDER TO SHOW CAUSE FOR **PETITION FOR WRIT OF HABEAS CORPUS**

## 1. STATEMENT OF FACTS

Petitioners Currently have residences in East Falmouth, Massachusetts.

Petitioners since entering the US, have appeared at all their ICE Check ins, court hearings, and want to continue the defense of her asylum case, and recently identified eligibility for a T Visa, that was already filed, and it has been pending since May 2025.

Their asylum claim was denied by the Immigration Court, and a notice to appeal was filed properly and in time. The petitioner's appeal to their asylum denial was dismissed due to a missed deadline to submit the brief and for the failure to establish specific grounds of law for the appeal, due to ineffective assistance of counsel.

Petitioners presented the tickets to ICE last Friday to self deport this Sunday, October 12, 2025. Undersigned counsel took part of this case pro bono, , motion ot reopen and discretionary stay with BIA, , and this Habeas corpus with an ex parte motion for temporary restraining order, and petitioners were granted a stay of removal and detention.

## 2. THE US DISTRICT COURT OF MASSACHUSETTS HAS PROPER JURISDICTION AND VENUE.

This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question). Venue is proper because Petitioners reside in Massachusetts, is in custody in Massachusetts.

The REAL ID Act of 2005 did not repealed any of the existing statutory limits on the scope of judicial review implemented by IIRIRA, it eliminated statutory and non-statutory habeas jurisdiction over final orders of removal, deportation and exclusion, and made a petition for review filed with an appropriate court of appeals the sole and exclusive means for judicial review of such orders. In May 2005, Congress enacted the REAL ID Act of 2005, Pub. L. No. 109- 13, 119 Stat. 231 (2005). The real ID ACT, then, eliminated habeas corpus jurisdiction over final administrative orders.

In this case, this US District Court has jurisdiction and venue because the habeas corpus being filed together with this TRO do not attack a final removal order and/or the validity of the open removal order of September 15th, 2025, but attacks the collateral due process violations extensively outlined in the Temporary Restraining order brief granted on October 12th, 2025.See: Singh v. Holder, 638 F.3d 1196, 1211 (9th Cir. 2011) (citations omitted). "By its terms, the jurisdiction-stripping provision does not apply to federal habeas corpus petitions that do not involve final orders of removal." Nadarajah v. Gonzales, 443 F.3d 1069, 1075 (9th Cir. 2006) ("[I]n cases that do not involve a final order of removal, federal habeas corpus jurisdiction remains in the district court, and on appeal to this Court, pursuant to 28 U.S.C. § 2241."). See also Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (order) (stating that "district courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of the removal order" (citing Singh, 638 F.3d at 1211-12)); Trinidad y Garcia v. Thomas, 683 F.3d 952 (9th Cir. 2012) (en banc) ("The REAL ID Act can be construed as being confined to addressing final orders of removal, without affecting federal

habeas jurisdiction."). Alcaraz v. INS, 384 F.3d 1150, 1161 (9th Cir. 2004) (§ 1252(g) did not bar jurisdiction over repapering claim); Wong v. United States, 373 F.3d 952, 965 (9th Cir. 2004) (§ 1252(g) did not bar review of actions occurring prior to decision to commence proceedings or execute removal order); United States v. Hovsepian, 359 F.3d 1144, 1155 (9th Cir. 2004) (en banc) (§ 1252(g) barred review over claim that agency should have commenced deportation proceedings immediately upon becoming aware of applicant's illegal presence but did not bar review of retroactivity challenge to application of IIRIRA's permanent rules); Barahona-Gomez v. Reno, 236 F.3d 1115, 1120-21 (9th Cir. 2001) (§ 1252(g) barred review of discretionary, quasi-prosecutorial decisions by asylum officers and INS district directors to adjudicate cases or refer them to IJs for hearing but did not bar review of challenge to agency decision to halt consideration of suspension of deportation applications indefinitely); Catholic Soc. Servs., Inc. v. INS, 232 F.3d 1139, 1150 (9th Cir. 2000) (en banc) (§ 1252(g) did not deprive district court of jurisdiction to enter preliminary injunction); Dearinger ex rel. Volkova v. Reno, 232 F.3d 1042, 1044 (9th Cir. 2000) (§ 1252(g) did not deprive district court of habeas jurisdiction); Barapind v. Reno, 225 F.3d 1100, 1109-10 (9th Cir. 2000) (§ 1252(g) did not affect the availability and scope of habeas review); Sulit v. Schiltgen, 213 F.3d 449, 453 (9thCir. 2000) (§ 1252(g) did not bar review of due process claim that green cards were seized improperly without a hearing); Magana-Pizano v.INS, 200 F.3d 603, 609 (9th Cir. 1999) (§ 1252(g) did not strip district court of habeas jurisdiction); Walters v. Reno, 145 F.3d 1032, 1052 (9th Cir. 1998) (§ 1252(g) did not prohibit district court from enjoining deportation of noncitizens who raised general collateral challenges to unconstitutional agency practices). Munoz v. Ashcroft, 339 F.3d 950, 954-57 (9th Cir. 2003) (due process, ineffective assistance of counsel, and equitable tolling contentions).

Although, the main rule that gives ICE detainees the ability to file for habeas petition and TRO is the traditional petitioner confined in a detention center. Most courts also have found individuals subject to final removal orders are "in custody" for purposes of 28 U.S.C. § 2241, are not "in custody" after being physically removed from the United States.21 20.

Therefore, in non-detention situations, courts apply "traditional venue considerations" to assess venue for a habeas petition. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493 (1973). Accordingly, some district courts have followed Braden, where the Court considered factors such as convenience to the parties, where "material events took place," and where "records and witnesses pertinent to petitioner's claim are likely to be found," to guide the

venue analysis. Id. at 493-94.22 Notably, such decisions generally arise in districts where the court recognizes that an individual other than the warden can be the proper respondent. See infra Section III.B.20 See, e.g., Rosales v. Bureau of Immigr. and Customs Enf't, 426 F.3d 733, 735 (5th Cir. 2005) (agreeing with pre-REAL ID Act decisions that "a final deportation order subjects [a noncitizen] to a restraint on liberty sufficient to place the [noncitizen] 'in custody'").
21 See, e.g., I.M. v. CBP, 67 F.4th 436, 444 (D.C. Cir. 2023); Kumasrasamy v. Att'y Gen.., 453 F.3d 169, 173 (3d Cir. 2006) (citing Ninth and Eleventh Circuit cases); Samirah v. O'Connell, 335 F.3d 545, 549-51 (7th Cir. 2003). Compare Ortiz-Mondragon v. Symdon, No. 15-CV-1412, 2019 WL 330528 (E.D. Wis. Jan. 25, 2019) (holding "custody" to apply because "absence from the United States does not alone prevent the terms of a probation from continuing to apply. . . . Similarly, several cases have held that a person detained abroad may nevertheless be 'in custody' of the United States for purposes of the habeas statute.")

Regarding Administrative exhaustion, there is no such requirement in 28 U.S.C § 2241. However, exhaustion may be judicially required. This type of exhaustion is known as prudential exhaustion. In this case, prudential exhaustion is applicable because of the imminent removal time and the facts in the present case would not allow a stay in a quicker way by other means. Therefore, Courts may waive the prudential exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quoting *S.E.C. v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 (9th Cir. 1981).

Petitioner is present in the United States and, on information and belief, the Department of Homeland Security ("DHS") has alleged or will allege that Petitioner was not previously admitted or paroled into the United States, and may detain Petitioner, due to not self-deporting at 10 am today, under the idea of mandatory detention. Being applied since September 5, 2025, in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025),

But, petitioner cannot be subject to mandatory detention under 8 U.S.C. § 1225(b)(1), including because Petitioner does not meet the criteria for Expedited Removal. *See Make the Road New York v. Noem*, No. 25-190, 2025 WL 2494908, at *23 (D.D.C. Aug. 29, 2025).

Petitioner cannot be subject to mandatory detention under 8 U.S.C. § 1225(b)(2), including because, as a person already present in the United States, Petitioner is not presently "seeking admission" to the United States. *See Aguiriano v. Romero v. Hyde*, No. 25-11631, 2025 WL 2403827, at *1, 8-13 (D. Mass. Aug. 19, 2025).

On information and belief, Petitioner was not, at the time of arrest, paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A), and therefore Petitioner could not "be returned" under that provision to mandatory custody under 8 U.S.C. § 1225(b) or any other form of custody. Petitioners are not subject to mandatory detention under § 1225 for this reason as well.

Instead, as a person arrested inside the United States and held in civil immigration detention, Petitioner is subject to detention, if at all, pursuant to 8 U.S.C. § 1226. *See Aguiriano*, 2025 WL 2403827, at *1, 8-13 (collecting cases).

Petitioner is not lawfully subject to mandatory detention under 8 U.S.C. § 1226(c), including because he has not been convicted of any crime that triggers such detention. *See Demore v. Kim*, 538 U.S. 510, 513-14, 531 (2003) (allowing mandatory detention under § 1226(c) for brief detention of persons convicted of certain crimes and who concede removability).

Accordingly, Petitioner is subject to detention, if at all, under 8 U.S.C. § 1226(a).

There is no statutory requirement for Petitioner to exhaust administrative remedies. *See Gomes v. Hyde*, No. 25-11571, 2025 WL 1869299, at *4 (D. Mass. July 7, 2025) ("[E]xhaustion is not required by statute in this context.").

Accordingly, there is no requirement for Petitioner to further exhaust administrative remedies before pursuing this Petition. *See Portela-Gonzalez v. Sec'y of the Navy*, 109 F.3d 74, (1st Cir. 1997) (explaining that, where statutory exhaustion is not required, administrative exhaustion not required in situations of irreparable harm, futility, or predetermined outcome).

Respondent Patricia Hyde is the New England Field Office Director for U.S. Immigration and Customs Enforcement.

Respondent Todd Lyons is the Acting Director for U.S. Immigration and Customs Enforcement.

Respondent Kristi Noem is the U.S. Secretary of Homeland Security.

All respondents are named in their official capacities.

## PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Order that Petitioner shall not be detained under mandatory detention or removed from the United States without a chance to defend this petition.

(3) Declare that Petitioner's future detention or removal under these grounds are unlawful.

(4) Issue a Writ of Habeas Corpus ordering Respondents not to detain or remove petitioner.

(5) Grant any further relief this Court deems just and proper.

Respectfully submitted,

Andreia Ribas Precoma, esq.
Precoma Law LLC
andreia@precomalaw.com
774-994-4031

*Counsel for Petitioner*

Dated: October 17, 2025